```
Jeffrey S. Davidson (S.B.N. 143633)
jeffrey.davidson@kirkland.com
Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
Martin R. Boles (S.B.N. 124159)
martin.boles@kirkland.com
R. C. Harlan (S.B.N. 234279)
rc.harlan@kirkland.com
Sean Christofferson (S.B.N. 240474)
sean.christofferson@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500

Esha Bandyopadhyay (S.B.N. 212249)
esha.bandyopadhyay@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:     (650) 859-7000
Facsimile:     (650) 859-7500

Attorneys for Defendants
MEDTRONIC INC.,
MEDTRONIC SPINE LLC,
and KYPHON SARL
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CAREFUSION CORPORATION and CAREFUSION 2200, CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., MEDTRONIC SPINE LLC d/b/a KYPHON INC., and KYPHON SARL<br><br>Defendants. | CASE NO. CV10 01111 VRW<br><br>**ANSWER OF DEFENDANTS MEDTRONIC INC., MEDTRONIC SPINE LLC, AND KYPHON SARL TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For their answer to Counts III through and including VI of plaintiffs CareFusion Corporation and CareFusion 2200, Corporation's (collectively "Plaintiffs" or "CareFusion") Complaint for Antitrust Violations and a Declaratory Judgment of Patent Invalidity and Noninfringement ("Complaint"), and any allegations directly related to those counts only,[1] defendants Medtronic, Inc., Medtronic Spine LLC (incorrectly named Medtronic Spine LLC d/b/a Kyphon Inc.), and Kyphon SARL (collectively "Medtronic") respond as follows.

**FIRST DEFENSE**

As to the opening paragraph of the Complaint, Medtronic denies the allegations, but admits that Plaintiffs seek relief for alleged conduct and purport to attach certain patents to the Complaint. Medtronic avers that it has not engaged in any of the asserted conduct and that Plaintiffs are not entitled to any of the asserted requests for relief.

1. No answer is required at this time to the allegations in numbered paragraph 1 (*see* note 1, *supra*).

2. Medtronic denies the allegations of numbered paragraph 2 because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3. Medtronic denies the allegations of numbered paragraph 3 because it lacks knowledge or information sufficient to form a belief about the truth of the allegations.

4. Medtronic admits the allegations in numbered paragraph 4.

5. Medtronic admits the allegations in numbered paragraph 5.

6. Medtronic denies the allegations in numbered paragraph 6.

7. Medtronic admits the allegations in numbered paragraph 7.

8. As to the allegations in numbered paragraph 8, Medtronic admits that this action arises in part under the patent laws of the United States. No answer to the balance of the allegations is required at this time (*see* note 1, *supra*).

9. As to the allegations in numbered paragraph 9, Medtronic denies that this Court has

---

[1] Counts I and II of the Complaint are the subject of Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). If required, an Answer to those Counts and allegations not answered herein will be served pursuant to Federal Rule of Civil Procedure 12(a)(4).

jurisdiction over the subject matter of Counts III through and including VI of the Complaint. No answer to the balance of the allegations is required at this time (*see* note 1, *supra*),

10–15. The allegations in numbered paragraphs 10 through and including 15 call for a legal conclusion, and no answer is required. If an answer is required, Medtronic denies the allegations, except that it admits that Medtronic Spine LLC is located in this district and admits that Medtronic, Inc. and Kyphon SARL transact business with Medtronic Spine LLC.

16–171. No answer is required at this time to the allegations in numbered paragraphs 16 through and including 171 (*see* note 1, *supra*).

## COUNT III
## DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,235,043

172. As to the allegations in numbered paragraph 172, Medtronic incorporates by reference its answers to paragraphs 1–171.

173. Medtronic admits the allegations in numbered paragraph 173.

174. Medtronic denies the allegations in numbered paragraph 174.

175. Medtronic denies the allegations in numbered paragraph 175.

176. Medtronic denies the allegations in numbered paragraph 176.

177. Medtronic denies the allegations in numbered paragraph 177, and avers that while the quoted words "vigorously defend and assert our IP" appear on page 15 of Ex. JJ to the Complaint, Plaintiffs' quotation is utterly misleading because, *inter alia*, it omits the balance of the sentence in which the words appear, as well as the balance of the entire statement.

178. Medtronic denies the allegations of numbered paragraph 178.

179. Medtronic denies the allegations of numbered paragraph 179.

180. Medtronic denies the allegations of numbered paragraph 180 because it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies that any claims of the '043 patent are invalid. Medtronic avers, however, that the '043 patent claims innovative and clinically useful improvements that render procedures such as kyphoplasty, among others, more efficacious to the patient population. Medtronic further avers that one sample

2

CareFusion AVA*max* Vertebral Balloon ("Rudimentary CareFusion Vertebral Balloon"), standing alone and without additional components or methods that Plaintiffs may, presently unbeknownst to Medtronic, be directly or indirectly associating therewith, did not exhibit properties that would confirm infringement of the '043 Patent by Plaintiffs with the Rudimentary CareFusion Vertebral Balloon.

181. Medtronic denies the allegations of numbered paragraph 181.

**COUNT IV**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**AND INVALIDITY OF U.S. PATENT NO. 6,241,734**

182. Medtronic incorporates by reference its answers to numbered paragraphs 1–181.

183. Medtronic admits the allegations in numbered paragraph 183.

184. Medtronic denies the allegations in numbered paragraph 184.

185. Medtronic denies the allegations in numbered paragraph 185.

186. Medtronic denies the allegations in numbered paragraph 186.

187. Medtronic denies the allegations in numbered paragraph 187, and avers that while the quoted words "vigorously defend and assert our IP" appear on page 15 of Ex. JJ to the Complaint, Plaintiffs' quotation is utterly misleading because, *inter alia*, it omits the balance of the sentence in which the words appear, as well as the balance of the entire statement.

188. Medtronic denies the allegations in numbered paragraph 188.

189. Medtronic denies the allegations in numbered paragraph 189.

190. Medtronic denies the allegations of numbered paragraph 190 because it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies that any claims of the '734 patent are invalid. Medtronic avers that the '734 patent claims innovative and clinically useful improvements that render procedures such as kyphoplasty, among others, more efficacious to the patient population. Medtronic further avers that CareFusion, on its website, offers for sale an AVAmax System that includes a cement injector. The cement injector is depicted on Pages 4–5 of Exhibit A attached hereto and incorporated herein by reference ("Rudimentary CareFusion Cement Injector"). Medtronic further avers that as expressly depicted

3

1  and described in Exhibit A, and without other components or methods that Plaintiffs may, presently
2  unbeknownst to Medtronic, be directly or indirectly associating therewith, the Rudimentary
3  CareFusion Cement Injector does not indicate features that would confirm infringement of the '734
4  Patent by Plaintiffs with that device.

5        191.    Medtronic denies the allegations in numbered paragraph 191.

**COUNT V**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**AND INVALIDITY OF U.S. PATENT NO. 6,248,110**

8        192.    Medtronic incorporates by reference its answers to numbered paragraphs 1–191.

9        193.    Medtronic admits the allegations in numbered paragraph 193 but avers that the
10 recording contains a factual error.

11       194.    Medtronic denies the allegations in numbered paragraph 194.

12       195.    Medtronic denies the allegations in numbered paragraph 195.

13       196.    Medtronic denies the allegations in numbered paragraph 196.

14       197.    Medtronic denies the allegations in numbered paragraph 197, and avers that while the
15 quoted words "vigorously defend and assert our IP" appear on page 15 of Ex. JJ to the Complaint,
16 Plaintiffs' quotation is utterly misleading because, *inter alia*, it omits the balance of the sentence in
17 which the words appear, as well as the balance of the entire statement.

18       198.    Medtronic denies the allegations in numbered paragraph 198.

19       199.    Medtronic denies the allegations in numbered paragraph 199.

20       200.    Medtronic denies the allegations in numbered paragraph 200, because it lacks
21 knowledge or information sufficient to form a belief about the truth of the allegations therein, and
22 denies that any claims of the '110 patent are invalid. Medtronic avers that the '110 patent claims,
23 among other things, an innovative and clinically useful method of kyphoplasty that helps improve
24 the efficacy of the procedure by accessing the interior of an osteoporotic vertebral bone through two
25 different pathways, such as the bone's two pedicles ("Improved Procedure"). Plaintiffs themselves
26 do not perform the Improved Procedure. To date, Medtronic is not aware that Plaintiffs infringe the
27 '110 patent, including by inducement through improper claims that its kyphoplasty balloons,

28

4

including products akin to the Rudimentary CareFusion Vertebral Balloon, are for use pursuant to the Improved Procedure.

201. Medtronic denies the allegations in numbered paragraph 201.

### COUNT VI
### DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,613,054

202. Medtronic incorporates by reference its answers to numbered paragraphs 1–201.

203. Medtronic admits the allegations in numbered paragraph 203.

204. Medtronic denies the allegations in numbered paragraph 204.

205. Medtronic denies the allegations in numbered paragraph 205.

206. Medtronic denies the allegations in numbered paragraph 206.

207. Medtronic denies the allegations in numbered paragraph 207, and avers that while the quoted words "vigorously defend and assert our IP" appear on page 15 of Ex. JJ to the Complaint, Plaintiffs' quotation is utterly misleading because, *inter alia*, it omits the balance of the sentence in which the words appear, as well as the balance of the entire statement.

208. Medtronic denies the allegations in numbered paragraph 208.

209. Medtronic denies the allegations in numbered paragraph 209.

210. Medtronic denies the allegations of numbered paragraph 210 because it lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies that any claims of the '054 patent are invalid. Medtronic avers that the '054 patent claims innovative and clinically useful improvements that render the kyphoplasty procedure, among others, more efficacious to the patient population. Medtronic further avers that the Rudimentary CareFusion Cement Injector, as expressly depicted and described in Exhibit A, and without other components or methods that Plaintiffs may, presently unbeknownst to Medtronic, be directly or indirectly associating therewith, does not indicate features that would confirm infringement of the '054 Patent by Plaintiffs with the Rudimentary CareFusion Cement Injector.

211. Medtronic denies the allegations in numbered paragraph 211.

212. As to Plaintiffs' prayer for relief, Medtronic denies that Plaintiffs are entitled to any

5

relief whatsoever.

213. Unless expressly admitted herein, any allegation of the Complaint is denied insofar as it relates to Counts III through and including VI.

### SECOND DEFENSE

214. The Court lacks subject matter jurisdiction over Counts III through and including VI of the Complaint.

### THIRD DEFENSE

215. Counts III through and including VI of the Complaint fail to state a claim upon which relief may be granted.

### PRAYER FOR RELIEF

216. Wherefore Medtronic requests that Counts III through and including VI be dismissed with prejudice and requests its costs, fees, and any other relief this Court deems just and appropriate.

DATED: May 28, 2010

Respectfully submitted,

 */s/ Esha Bandyopadhyay*
Jeffrey S. Davidson (S.B.N. 143633)
jeffrey.davidson@kirkland.com
Luke L. Dauchot (S.B.N. 229829)
luke.dauchot@kirkland.com
Martin R. Boles (S.B.N. 124159)
martin.boles@kirkland.com
R. C. Harlan (S.B.N. 234279)
rc.harlan@kirkland.com
Sean Christofferson (S.B.N. 240474)
sean.christofferson@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

Esha Bandyopadhyay (S.B.N. 212249)
esha.bandyopadhyay@kirkland.com
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:    (650) 859-7000
Facsimile:    (650) 859-7500

Attorneys for Defendants

MEDTRONIC INC.,
MEDTRONIC SPINE LLC,
and KYPHON SARL

## JURY DEMAND

Medtronic demands a trial by jury on all issues triable by jury.

DATED: May 28, 2010                              Respectfully submitted,

               */s/ Esha Bandyopadhyay*
              Jeffrey S. Davidson (S.B.N. 143633)
              jeffrey.davidson@kirkland.com
              Luke L. Dauchot (S.B.N. 229829)
              luke.dauchot@kirkland.com
              Martin R. Boles (S.B.N. 124159)
              martin.boles@kirkland.com
              Sean Christofferson (S.B.N. 240474)
              sean.christofferson@kirkland.com
              KIRKLAND & ELLIS LLP
              333 South Hope Street
              Los Angeles, CA  90071
              Telephone:    (213) 680-8400
              Facsimile:     (213) 680-8500

              Esha Bandyopadhyay (S.B.N. 212249)
              esha.bandyopadhyay@kirkland.com
              KIRKLAND & ELLIS LLP
              950 Page Mill Road
              Palo Alto, CA  94304
              Telephone:    (650) 859-7000
              Facsimile:     (650) 859-7500

              Attorneys for Defendants
              MEDTRONIC INC.,
              MEDTRONIC SPINE LLC,
              and KYPHON SARL

8

ANSWER TO COMPLAINT                            CASE NO: CV10-01111 VRW